[No. 6360.    Decided March 2, 1907.]

EMMA O. STURTEVANT, *Appellant*, v. MALCOLM McDOUGALL
et al., *Respondents*.[1]

TAXATION—ACTION TO CANCEL DEED—QUIETING TITLE—PLEADINGS—
ISSUES. In an action to cancel tax deeds and quiet title, in which
the complaint alleged that, at the time of the foreclosure of the tax
lien, M. was the owner of the property, which was admitted by the
answer, and the defendants prepared for trial relying thereon, evi-
dence on the part of the plaintiff that D. was the owner at that
time, for whom M. held the title in trust, is inadmissible, the same
being outside the issues.

APPEAL—RECORD—PLEADINGS—AMENDMENT. Error in refusing to
allow an amendment to the complaint at the trial to conform to
proof offered cannot be considered on appeal where the record fails
to show a request for leave to file the same or any claim of surprise
at the trial.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered December 1, 1905, dismissing an
action to cancel tax deeds, and quieting the title of the de-
fendants, after a trial on the merits before the court with-
out a jury.    Affirmed.

*John G. Gray*, for appellant.

*Benton Embree*, for respondents.

CROW, J.—This action was commenced by Emma O.
Sturtevant against Malcolm McDougall and Mary Mc-
Dougall, husband and wife, to cancel certain tax deeds to
real estate in the city of Seattle. The plaintiff alleged that,
at all times since October 25, 1904, she had been the owner
of, and entitled to the possession of, all of block 2 in Burke's
addition to the city of Seattle, deriving her title by mesne
conveyances from the United States, without pleading her
chain of title or naming her immediate grantor; that the

[1]Reported in 88 Pac. 1035.

defendants claimed title under the certain tax deeds sought to be cancelled, which were issued to one J. Frank Keefer on or about February 23, 1901, and which deeds, although regular upon their face, were in reality invalid for the reason that the owner of the property at the time the tax foreclosure proceedings were begun was one John McKenna, who was then residing in the state of Washington, and had no notice thereof; that the court was without jurisdiction to render any judgment foreclosing the tax liens, for the reason that its pretended jurisdiction was founded solely upon a summons by publication which was null and void; that prior to the commencement of this action the plaintiff had tendered to the defendants $650, the full amount then due them for taxes, interest, and costs, which sum the defendants refused to accept. The defendants McDougall and wife, by their amended answer, admitted that they claimed title to the property, but denied that such claim was made under the tax deeds, and also denied any title or ownership in the plaintiff. They further admitted that the tax deeds were regular upon their face, and that at the time the tax proceedings were instituted John McKenna was the owner of the property. The defendants by way of cross-complaint alleged ownership and possession of the property in themselves, and prayed that their title thereto might be quieted. The allegations of the amended answer and cross-complaint were denied by the appellant, and the cause was tried without a jury.

The findings of fact made by the trial court show that on October 26, 1900, actions were commenced by J. Frank Keefer against John McKenna, to foreclose the delinquent tax certificates; that thereafter tax deeds regular upon their face were issued to him; that thereafter and prior to the commencement of this action, Keefer and wife, by deed, conveyed the real estate to the respondent Malcolm McDougall; that in the tax foreclosure proceedings the summons which

was served by publication required the defendant to appear "sixty days after service," but did not state the date upon which service would be completed; that at the time the tax proceedings were commenced John McKenna, one of the defendants therein, was the owner of all of ‚the real estate affected thereby, and that thereafter, to wit, on January 8, 1902, the said John McKenna executed and delivered to defendant Malcolm McDougall a deed of conveyance therefor; that pursuant to such conveyance, the respondents McDougall and wife became, and ever since have been, the owners of the real estate and the whole thereof. Other findings were made which will not be stated by us, the same not being material to the questions discussed in this opinion. The trial court entered judgment dismissing the complaint and quieting the title of the defendants, and the plaintiff has appealed.

During the progress of the trial the appellant offered evidence which she claimed tended to show that the property stood of record at the time of foreclosure of the tax certificates in the name of John McKenna, but that he held the same in trust for one Michael Day; that when the respondent McDougall originally acquired the property, he purchased the tax title; that thereafter he took a conveyance from John McKenna, but with full knowledge of the fact that John McKenna held the legal title as trustee for Michael Day; that Michael Day had never executed any conveyance, but that his interest in the property was attached in an action brought against him by one Robert G. Thompson; that in pursuance thereof a sheriff's levy and sale were made; that afterwards a sheriff's deed was made, under which the appellant now claims to have acquired the beneficial or equitable title of Michael Day. This offer of evidence to show a former equitable title in Michael Day was, upon the objection of the respondent, refused by the trial judge, and the appellant now contends that the trial judge erred in making

such ruling.  The complaint expressly alleged that, at the time of the commencement of the foreclosure proceeding, John McKenna was the owner of the property.  It made no reference whatever to Michael Day, nor did it plead any equitable estate as having been at any time vested in him. The respondent prepared for trial relying upon the allegation of ownership in John McKenna, which had been admitted by the answer, and respondents had alleged that the title upon which they relied had been obtained from McKenna.  Under this state of the pleadings no issue had been raised authorizing proof that Day was the equitable owner, while the legal title was held by McKenna, and we fail to see how the court erred in refusing the evidence offered, as it was clearly outside of the issues, to say nothing of its tendency to disprove an admitted allegation of the complaint.

The appellant further contends that the court erred in refusing to permit her to file an amended complaint, pleading an equitable title in Day to which she had succeeded.  We think this question is not before us for consideration, as the record fails to show either that the appellant ever made any application to amend or that the court refused such application.  No surprise was claimed by her when the court refused the evidence offered, nor did she then ask leave to amend.  On the contrary she submitted her case on the pleadings then before the court.  There is in the record an amended complaint which appears to have been verified and served after the trial, at or about the time of the service and filing of appellant's motion for a new trial.  But there is no showing that the amended complaint was then or at any other time presented to the trial judge.

The judgment is affirmed.

HADLEY, C. J., ROOT, FULLERTON, RUDKIN, MOUNT, and DUNBAR, JJ., concur.